## ROYAL PALM SOAP CO. v. SEABOARD AIR LINE RY. CO.

(Circuit Court of Appeals, Fifth Circuit. January 15, 1924.)

No. 4042.

**1. Pleading ⬛➡8(1)—Legal conclusions in plea not considered.**

Legal conclusions expressed in a plea are not to be considered in determining the legal effect of the facts it alleges.

**2. Courts ⬛➡314—"Merger" of domestic railroad with foreign railroad does not make foreign corporation citizen of state; "consolidation."**

Rev. Gen. St. Fla. 1920, §§ 4363, 4366, authorizing a railroad incorporated under the laws of another state to merge or consolidate with any railway incorporated in Florida, does not create a Florida corporation out of a foreign railway corporation, so as to make it subject to suit as such, unless the agreement between the railroads implies a "consolidation", rather than a "merger" of the Florida railway with the foreign corporation; the distinction being that in a consolidation both corporations go out of existence as separate organizations and a new corporation is created, while in a merger one loses its identity by absorption in the other.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Consolidate—Consolidation; Merger.]

**3. Courts ⬛➡314—Agreement between Florida railway and foreign railway held merger rather than consolidation.**

An agreement between defendant railway corporation, organized under the laws of Virginia, North Carolina, South Carolina, Georgia, and Alabama, and a railroad incorporated under laws of Florida, whereby the Florida railroad became a part of defendant, held to indicate that the Florida railroad thereby lost its identity and merged into defendant, rather than a consolidation, and the defendant, being a citizen of other states than Florida, was subject to suit in the federal courts by a Florida corporation.

In Error to the District Court of the United States for the Southern District of Florida; Henry D. Clayton, Judge.

Action by the Royal Palm Soap Company against the Seaboard Air Line Railway Company. Plaintiff's demurrer to defendant's plea was overruled, and, on plaintiff declining to plead further, the cause was dismissed, and plaintiff brings error. Reversed.

H. S. Hampton, of Tampa, Fla. (A. B. McMullen, of Tampa, Fla., on the brief), for plaintiff in error.

A. G. Turner, of Tampa, Fla. (Peter O. Knight and C. Fred Thompson, both of Tampa, Fla., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

---

⬛➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WALKER, Circuit Judge. This was an action brought in the court below by the plaintiff in error (herein called plaintiff) against the defendant in error, the Seaboard Air Line Railway Company (herein called defendant). The declaration alleged that plaintiff, at and prior to the date of the bringing of the suit, was a corporation organized and existing under the laws of the state of Florida, and a citizen of that state, and that defendant was and is a corporation organized and existing under the laws of the state of Virginia, and a citizen of said state. Defendant filed a plea which alleged as follows:

"That it appears by the allegation of the declaration that the plaintiff is a resident and citizen of the state of Florida, whereas the defendant is likewise a resident and citizen of the state of Florida; that the property now operated by the defendant in the state of Florida was formerly the property of the Florida Central & Peninsular Railroad Company, a corporation duly organized and existing under and by virtue of the laws of the state of Florida, and that on or about, to wit, the 27th day of June, 1903, the Seaboard Air Line Railway, a consolidated corporation, organized and existing under the laws of the states of Virginia, North Carolina, South Carolina, Georgia, and Alabama, entered into an agreement of consolidation with the said Florida Central & Peninsular Railroad Company, the said Florida Central & Peninsular Railroad Company, by virtue of said agreement, then and there becoming a part of the Seaboard Air Line Railway, and that the said Seaboard Air Line Railway Company, defendant, by result of said articles of agreement of merger and consolidation, is now a citizen and resident of the states of Virginia, North Carolina, South Carolina, Georgia, Florida, and Alabama; whereas, the plaintiff, being a resident and citizen of the state of Florida, and the defendant being a resident and citizen of the state of Florida, this case is not within the jurisdiction of the court now here, and this the said defendant is ready to verify."

That plea was demurred to on grounds including the following: That said plea states no defense to the plaintiff's declaration; the allegations of the plea to the effect that the defendant is a citizen of Florida is a conclusion, and is not borne out by the statement of fact as set out in said plea. That demurrer was overruled, whereupon, the plaintiff declining to plead further, the cause was dismissed. Plaintiff complains of the overruling of the demurrer to the plea.

[1] Legal conclusions expressed in the above set out plea are not to be considered in determining the legal effect of the state of facts it alleges. Its allegations of fact are to the following effect: The property now operated by the defendant in the state of Florida was formerly the property of the Florida Central & Peninsular Railroad Company, a corporation organized and existing under and by virtue of the laws of the state of Florida. On or about June 25, 1903, the Seaboard Air Line Railway, a consolidated corporation organized and existing under the laws of the states of Virginia, North Carolina, South Carolina, Georgia, and Alabama, entered into an agreement with said Florida Central & Peninsular Railroad Company, the said Florida Central & Peninsular Railroad Company, by virtue of said agreement, then and there becoming a part of the Seaboard Air Line Railway.

[2] Florida statutes authorize a railroad corporation organized under the laws of another state to become the owner of a line of railroad already completed in Florida, or, if it has constructed any railroad in Florida or another state, to enter into contracts with any railroad company in Florida, having the effect of merging the stocks of such con-

tracting companies, or of consolidating them. Revised General Statutes of Florida, §§ 4363, 4366. Under those statutes it was competent for the Seaboard Air Line Railway Company, as it existed prior to the agreement alleged, to effect a consolidation with the Florida Central & Peninsular Railroad Company, or to effect a merger whereby the last-named company was absorbed by the Seaboard Air Line Railway Company.

"There is a distinct difference between a consolidation and a merger of two railroad companies. In a consolidation, both go out of existence as separate corporations, and a new corporation is created which takes their place and property; while in case of a merger one loses its identity by absorption in the other, which remains in existence, and succeeds to its property, and issues its own stock to the stockholders of the merged company." Lee v. Atlantic Coast Line R. Co. (C. C.) 150 Fed. 775.

For the agreement alleged to have had the effect of making the defendant a Florida corporation the language of the agreement must imply the creation of a new corporation, of an entity different from the previously existing corporation having the same name. St. Louis & San Francisco Railway v. James, 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802.

[3] The averments of the plea are consistent with the conclusion that the agreement mentioned did not purport to have the effect of creating a new Florida corporation having the same name as the previously existing Seaboard Air Line Railway Company. On the contrary, the averments indicate that the intended result of the agreement was that the Florida Central & Peninsular Railroad Company thereby lost its identity by being merged into and becoming a part of the defendant, the latter remaining in existence and continuing to be the same legal entity it was before the agreement was entered into. We are not of opinion that the state of facts alleged in the plea had the legal effect of making the defendant a corporation other than the one which existed under the same name before the alleged agreement was made. That corporation, being a citizen of a state or states other than Florida, was subject to be sued in the court below by the plaintiff, a citizen of Florida.

It follows that the above-mentioned ruling was erroneous. Because of that error the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.